THE HOWE MACHINE COMPANY, RESPONDENT, *v.* GERRITT S. AVERY, APPELLANT.

*The plaintiff must join in the bond, required by statute to be given to authorize a recovery upon a lost note.*

The bond required to be given by the Revised Statutes (2 R. S., 406, § 76), to authorize a recovery on a lost note, must bind the principal as well as the sureties; one conditioned for its performance by the sureties alone is insufficient.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

The action was brought upon a promissory note for sixty dollars. The answer denies the making of the note sued upon. The issue was referred to a referee and the trial had before him, and he reported in favor of the plaintiff, and upon his report a judgment was entered against the defendant, from which an appeal was taken. The note was lost after the commencement of this action and prior to the hearing before the referee. The plaintiff sought to recover upon it as a lost note, and gave evidence tending to establish its loss, and then undertook to comply with the statute, which requires a bond to be given before a recovery can be had upon a lost note; the referee approved of the sureties who had signed the instrument offered. The instrument was

objected to by the defendants, viz : (1.) Not in time. (2.) Not approved by the court nor by a judge thereof, and that the referee had no power to approve of the same. (3.) It is not executed according to the statute. (4.) It is not lawfully executed. The objections were overruled and an exception was taken by the defendant. The instrument was in the following words, viz. :

*Know all men by these presents.*

That we, the Howe Machine Company, C. S. Todd & C. J. Roodenbury, are held and firmly bound unto Gerritt S. Avery, of Boonville, county of Oneida, and State of New York, in the sum of $200, to be paid to the said Avery or to his certain attorney, executors, administrators or assigns ; for which payment, well and truly to be made, we bind ourselves and our heirs, executors and administrators, jointly and severally, firmly by these presents.

Sealed this 30th day of December, in the year of our Lord 1875.

The conditions of this obligation is such : The said Howe Machine Company is prosecuting an action against Gerritt S. Avery, in the Supreme Court of the State of New York, and now referred to Hon. N. B. Bliss, as sole referee, to hear and determine the same, upon a promissory note made by Gerritt S. Avery to said Howe Machine Company or order, for sixty dollars, dated August 17, 1872, which the said Howe Machine Company alleges is lost.

Now, if the said C. S. Todd & C. J. Roodenburg shall indemnify the said Gerritt S. Avery, his heirs and personal representatives, against all claims by any other person on account of such note, and against all costs and expenses by reason of such claim, then this obligation to be void ; otherwise it shall remain in force.

The Howe Machine Company.

M. E. VAN EST, *Attorney.*<br>C. S. TODD,<br>C. J. ROODENBURG.

I approve of the foregoing sureties.

W. B. BLISS, *Referee.*

STATE OF NEW YORK, ⎱
. County of Monroe.  ⎰ *ss. :*

On this 30th day of December, A. D. 1875, before me, the subscriber, appeared M. E. Van Est, attorney for the Howe Machine Company, C. S. Todd & C..J. Roodenburg, to me personally known to be the same persons described in and who executed the above undertaking, and severally acknowledged that they executed the same.

WALTER S. HUBBELL,<br>
*Commissioner of Deeds.*

Here followed the usual affidavit of qualification by Todd and Roodenburg.

The instrument did not purport to have any seal upon it for the principal or either of the sureties.

*George W. Smith*, for the appellant.

*L. W. Fiske*, for the respondent.

HARDIN, J.:

The note in suit was not produced and read in evidence, and the plaintiff was not in a situation to recover without complying with the statute in respect to lost instruments. Section 75 of the Revised Statutes provides that a recovery may be had of the amount due upon such a note. (2 R. S. [Edm. ed.], 423.) Section 76 provides as follows: "But to entitle a party to such recovery, he shall execute a bond to the adverse party in a penalty, at least double the amount of such note or bill, with two sureties, to be approved by the court in which the trial shall be had, conditioned to indemnify the adverse party, his heirs and personal representatives against all claims by any other person, on account of such note or bill, and against all costs and expenses by reason of such claim."

The bond was not in compliance with the requirements of the statute. First. The statute requires the party to give a bond as principal with two sureties. The condition clause is, viz.: "Now

if the said C. S. Todd and C. J. Roodenburg shall indemnify the said G. S. Avery." * * * It does not purport that the principal, the plaintiff, shall indemnify and that the two sureties shall be obligated jointly and severally with the principal. The defendant is entitled to have three bounden parties in the condition clause of the bond. Second. There was no proof given that the bond was executed by the plaintiff, "The Howe Machine Company." The acknowledgment by Van Est, attorney for the Howe Machine Company, "simply shows that Van Est acknowledged" that he "executed the same." Third. Nor does the case show that any seal was attached to the instrument, either by the machine company, its agent, or either of its sureties.

We think, therefore, that the plaintiff did not comply with the 76th section, *supra*, and that it was not entitled to have the approval of the referee; nor was it in a situation to recover upon the lost note, and the referee therefore erred in allowing a recovery. The plaintiff did not entitle itself to such recovery. As this conclusion leads us to reverse the judgment entered upon the report of the referee, we do not pass upon the other questions involved in the action.

The judgment should be reversed and the order of reference vacated and a new trial ordered, with costs to abide the event.

TALCOTT, P. J., and SMITH, J., concurred.

Judgment reversed and new trial ordered, costs to abide the event, and order of reference vacated.